### HARRIS et al. v. EQUITABLE SECURITIES CO. et al.

(Circuit Court, N. D. Georgia, E. D. February 2, 1909.)

VENDOR AND PURCHASER (§ 294*) — FORECLOSURE OF LIEN — STIPULATION FOR ATTORNEY'S FEES—ENFORCEMENT.

Under the law of Georgia by which a provision of a contract for the payment of an attorney's fee in case of suit thereon is valid, and the fee recoverable if the defense to the suit is not sustained, where a bond for title securing notes contained such a provision, and the holder recovered the land thereon in ejectment although he failed to recover on the notes, he is entitled to payment of such fee, as well as interest, where the mortgagor is permitted by a court of equity to redeem the property.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 294.*]

W. W. Stark, for complainants.
Chas. A. Read, for defendants.

NEWMAN, District Judge. I have no doubt whatever, that the Equitable Securities Company is entitled to interest up to the time

the money was deposited in the registry of the court under the order of this court of October 7, 1908. I am further of opinion that the Equitable Securities Company is entitled to have its attorney's fees of 10 per cent. on the amount recovered. It is true that the company failed to recover on the notes. Afterwards, however, and after the ejectment was brought, the land recovered, and the judgment by which such recovery was had affirmed by the Supreme Court of the state, a writ of possession was issued, and the company had practically taken possession of the land. At least, this is the contention, and it seems to be supported by the facts. But whether possession had been obtained or not, the Equitable Securities Company had recovered the land, and this judgment had been affirmed as stated, so, in any event, there was nothing left but for it to be put in possession by the proper officer.

At this stage of the proceedings, a bill was filed in the superior court of the state, and an injunction obtained. That case was removed to this court, and it is with that we have been dealing here on an application to dissolve the injunction granted by Judge Brand of the superior court, and on which the order of October 7, 1908, referred to was made. In that order it was provided that if the complainants in that bill, C. L. Harris, Administrator, et al., would deposit in the registry of the court the principal and interest due by them, the injunction might remain of force, and that if they failed to do this the injunction would be dissolved. They made the deposit of the principal and interest as required.

The bond for title provides for attorney's fees should suit be instituted. It is true that the debt was evidenced by notes, and that there had been failure to recover on the notes, but in this case—the equity proceeding—I was, and am now, of opinion that it is the right of the complainants to pay the debt in full and have back their land under the Georgia decisions on that subject, but in order to have this equitable relief they should themselves do equity. The equity of the case requires, moreover, that they should not only pay to the Equitable Securities Company its principal and interest, but also all that was stipulated for in the contract. The law of Georgia at the time the ejectment suit was brought and ended seems to have been that if, in a suit on a contract providing for attorney's fees, a plea was filed, and the plea not sustained, the complainant should be entitled to recover attorney's fees. They failed in the ejectment suit to sustain the plea filed by them, and recovery, as has been stated, was had against them. When the court allows them to come in now and relieve themselves of this judgment in ejectment, they should pay in full all that is due under the contract, and certainly, in view of their stubborn resistance to the effort of the company to recover its debt, and after being finally allowed by the court to have back their land, shown even by them to be of much greater value than the amount of the debt, they should be required to pay all the contract originally called for in conformity with the statutes of Georgia existing at the time. This amount, in my judgment, clearly embraces attorney's fees.

A final decree will be entered in favor of the complainants in this

166 F.—64

case, revesting in them title to the land in question upon their paying over to the Equitable Securities Company, in addition to the amount now in the registry of the court, $285 attorney's fees.